UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------X
JASON MITCHELL,                                    :

                 Petitioner,        :

        -against-                      :        **REPORT AND RECOMMENDATION**

UNITED STATES OF AMERICA,            :        10 Civ. 5570 (JSR)(KNF)

             Respondent.   :
------------------------------------------------------X
KEVIN NATHANIEL FOX
UNITED STATES MAGISTRATE JUDGE

TO THE HONORABLE JED S. RAKOFF, UNITED STATES DISTRICT JUDGE

## BACKGROUND

On May 12, 2010, Jason Mitchell ("Mitchell"), proceeding pro se, made a motion,

pursuant to Rule 60 of the Federal Rules of Civil Procedure, seeking modification of his

sentence.  By an order, dated November 9, 2010, your Honor construed Mitchell's motion as a

motion pursuant to 28 U.S.C. § 2255, and referred it to the undersigned for a report and

recommendation.

On February 5, 2007, Mitchell pleaded guilty, pursuant to a plea agreement, to

conspiracy to distribute and possess with intent to distribute a quantity of crack cocaine, in

violation of 21 U.S.C. § 846.  The plea agreement provided, inter alia, that "the defendant will

not file a direct appeal, nor litigate under Title 28, United States Code, Section 2255 and/or

Section 2241, any sentence within or below the Stipulated Guidelines Range set forth above

(151 to 188 months)."  The plea agreement also stipulated that Mitchell was a career offender,

pursuant to the Sentencing Guidelines (the "Guidelines"), U.S.S.G. § 4B1.1, because:

(1) he was at least eighteen years old at the time he committed the instant offense;
(2) Count One is a controlled substance offense; and (3) he has two prior felony
convictions for crimes of violence as defined in U.S.S.G. § 4B1.2(a) and (c), to wit:
(a) on or about November 1, 1988, the defendant was convicted in Bronx Supreme
Court, on a plea of guilty, of attempted robbery in the first degree, a Class C felony,
for which he received a sentence of 18 to 54 months in prison; and
(b) on or about March 3, 1992, the defendant was convicted in New York County
Supreme Court, upon a plea of guilty, of robbery in the second degree, a Class C
felony, for which he received a sentence of 5 to 10 years in prison.

On May 16, 2007, Mitchell was sentenced to a term of 110 months imprisonment, three

years of supervised release and a $100 special assessment.  At sentencing, Mitchell stated that he

read and discussed with his attorney the presentence report ("PSR"), prepared by the Probation

Department.  The PSR indicated that Mitchell's first predicate conviction was in 1988, in New

York State Supreme Court, Bronx County, for attempted first-degree robbery.  The 1988

conviction was based on Mitchell's accosting a victim on a street in Bronx County, New York,

simulating he possessed a weapon and demanding money from the victim.  He was sentenced to

one and one-half to four and one-half years imprisonment and released on parole in 1990.  His

parole was revoked in 1992.  Mitchell's second predicate conviction was in 1992, in New York

State Supreme Court, Bronx County, for second-degree robbery.  The 1992 conviction was based

on Mitchell's displaying a gun and taking property from a department store in New York.  He

was sentenced to five to ten years imprisonment.  Mitchell was released on parole in 1997, but

his parole was revoked on two occasions.  Mitchell also pleaded guilty, on March 17, 1992, to

witness tampering because he confronted one of the witnesses in his case and was sentenced to

one year imprisonment.  The Probation Department noted that the instant conviction was "the

fifth felony conviction for this 38 year-old defendant," and that "Mitchell is a Career Offender

whose criminal history primarily involves weapons possession and thefts from individuals and

retail businesses."  The Probation Department recommended a sentence of 151 months

2

imprisonment.

In his May 14, 2007 letter, pursuant to Rule 32 of the Federal Rules of Criminal Procedure, Mitchell objected to the PSR's criminal history points calculation, noting that the total criminal history points should be 19 rather than 22, and that the instant conviction was "Mitchell's fourth, not fifth, felony conviction."

The court determined that Mitchell: (a) is a career offender; (b) his offense level is 29; (c) his criminal history category is VI; and (d) the non-binding Guidelines range is 151 to 188 months.[1] It stated that it considered all the factors required to be considered when imposing a sentence by 18 U.S.C. § 3553(a). The court sentenced Mitchell to 110 months, which is below the Guidelines range, because it found that "the extremely severe punishment that the guideline range would here impose is materially insensitive to the particulars of this human being, the particulars of his history, taking account not just of his prior convictions in the technical wooden sense but taking account of what they involved, how old they were, the role he played in this case, the nature of his addiction, the circumstances of his family upbringing, the evidence, modest though it may be, of a new view of life, et cetera, et cetera."

Mitchell filed a notice of appeal and his attorney made a motion to withdraw as counsel, pursuant to Anders v. California, 386 U.S. 738, 87 S. Ct. 1396 (1967). On April 7, 2009, the

---

[1] Neither the transcript from the sentencing proceeding nor the written judgment in Mitchell's criminal case, United States v. Marrero, No. 04CR0048-24 (JSR), Docket Entry No. 485, shows that the district court adopted the findings of the PSR or ruled on Mitchell's objections to it, noted in his May 14, 2007 letter. "A district court satisfies its obligation to make the requisite specific factual findings when it explicitly adopts the factual findings set forth in the presentence report. It may do so either at the sentencing hearing or in the written judgment it files later. . . . [A] sentencing court that relies on a PSR must not only agree with that report, but also adopt it 'expressly.'" United States v. Molina, 356 F.3d 269, 275-76 (2d Cir. 2004) (citations omitted).

United States Court of Appeals for the Second Circuit denied Mitchell's request for leave to file a belated pro se opposition to his attorney's motion and granted the Anders motion.  On July 30, 2009, the court denied Mitchell's motion for reconsideration of the denial of the court's sua sponte motion for a reduction of sentence, pursuant to 18 U.S.C. § 3582(a)(2), based on the recent amendment to the Guidelines, which lowered the base offense levels applicable to crack cocaine offenses.  Mitchell appealed that denial.  On May 5, 2011, the United States Court of Appeals for the Second Circuit denied Mitchell's appeal, finding that his sentence was based "exclusively on § 4B1.1" and not on "a sentencing range that has been subsequently lowered by the Sentencing Guidelines."

In the instant motion, Mitchell contends the court committed an error "by not considering [his] prior 1988 guilty plea that was downgraded to a lesser included offense of simple robbery, which is a misdemeanor . . . not a crime of violence" and "is not a qualifying predicate for the assessment of three criminal points," pursuant to § 4B1.1 of the Guidelines.  According to Mitchell, under the categorical approach to reviewing a sentence, "it was permissible to consider and look at the plea colloquy."  Mitchell argues that his procedural due process right was violated when the court "misclassified [him] as a career offender for a simple robbery offence."  Mitchell seeks modification of his sentence or, alternatively, an evidentiary hearing "to demonstrate a fundamental miscarriage of justice" occurred at his sentencing.

The respondent contends Mitchell waived his right to challenge his conviction and sentence under 28 U.S.C. § 2255 in the plea agreement he signed when he "agreed not to appeal or litigate any sentence of 188 months' imprisonment or less."  The respondent also contends that Mitchell's claim is procedurally barred because it was not raised on his direct appeal and he failed to provide any explanation for his failure to do so.  Moreover, his claim, that he was not

classified properly as a career offender, lacks merit because "his conviction for attempted robbery in the first degree fell squarely under the first prong of the test for a crime of violence, in that the crime had as an element 'the use, attempted use, or threatened use of physical force against the person of another.'" and "the crime of robbery is specifically listed in the Guidelines commentary as an example of a 'crime of violence.'"  The respondent seeks a: (a) dismissal of the motion; (b) "finding that Mitchell has not made a substantial showing of a denial of a federal right, and the appellate review is therefore not warranted"; and (c) finding, "pursuant to 28 U.S.C. § 1915(a)(3), that any appeal taken from the Order would not be in good faith."

## DISCUSSION

### *Legal Standard*

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, . . . or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence. . . . If the court finds that . . . the sentence imposed was not authorized by law or otherwise open to collateral attack, or that there has been such a denial or infringement of the constitutional rights of the prisoner as to render the judgment vulnerable to collateral attack, the court shall vacate and set the judgment aside and shall discharge the prisoner or resentence him or grant a new trial or correct the sentence as may appear appropriate.

28 U.S.C. § 2255.

"A defendant's knowing and voluntary waiver of his right to appeal a conviction and sentence within an agreed upon guideline range is enforceable."  United States v. Pearson, 570 F.3d 480, 485 (2d Cir. 2009).  Courts "scrutinize waivers closely and apply them narrowly," construing "plea agreements strictly against the Government."  United States v. Ready, 82 F.3d 551, 556, 559 (2d Cir. 1996).  An appeal waiver may not be enforceable when: (a) it was not made knowingly and voluntarily; (b) a sentence was based on constitutionally impermissible

factors; (c) the government breached the plea agreement; or (d) the court failed to communicate any rationale for the defendant's sentence.  See United States v. Gomez-Perez, 215 F.3d 315, 319 (2d Cir. 2000).  "A § 2255 petition may not be used as a substitute for direct appeal. . . . In order to raise a claim that could have been raised on direct appeal, a § 2255 petitioner must show cause for failing to raise the claim at the appropriate time and prejudice from the alleged error." Marone v. United States, 10 F.3d 65, 67 (2d Cir. 1993).

"In a . . . proceeding under section 2255 before a district judge, the final order shall be subject to review, on appeal, by the court of appeals for the circuit in which the proceeding is held."  28 U.S.C. § 2253(a).  However, "in a 28 U.S.C. § 2255 proceeding, the applicant cannot take an appeal unless a circuit justice or circuit or district judge issues a certificate of appealability under 28 U.S.C. § 2253(c)."  Fed. R. App. P. 22(b); see 28 U.S.C. § 2253(c).   A certificate of the appealability may issue "only if the applicant made a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c).  "An appeal may not be taken in forma pauperis if the trial court certifies in writing that it is not taken in good faith."  28 U.S.C. § 1915(a)(3).

*Application of Legal Standard*

Mitchell does not contend that any of the exceptions to the enforceability of the appellate waiver applies in his case.  According to Mitchell, his "1988 guilty plea that was down graded to a lesser included offense of simple robbery, which is a misdemeanor . . . is not a qualifying predicate for the assessment of three criminal history points."  Notwithstanding the fact that the crime "simple robbery" does not exist, and that Mitchell's 1988 attempted first-degree robbery conviction is a felony, and not a misdemeanor, see New York Penal Law §§ 160.15 & 110.05, Mitchell is challenging the court's determination that he is a career offender, pursuant to

6

U.S.S.G. § 4B1.1.  Mitchell stipulated in his plea agreement that he is a career offender, based on the 1988 attempted first-degree robbery and the 1992 second-degree robbery convictions.  As Mitchell entered his plea agreement knowingly and voluntarily and no exception to the appellate waiver enforcement applies, he waived his right to challenge his sentence pursuant to 28 U.S.C. § 2255.

Moreover, Mitchell's claim is procedurally barred because he could have presented it at sentencing or on direct appeal, but failed to do so.  Although Mitchell does not articulate cause for that failure, he relies on two Supreme Court decisions, published after his sentencing, to support his argument, namely, Begay v. United States, 553 U.S. 137, 148, 128 S. Ct. 1581, 1588 (2008) (holding that, for purposes of the Armed Career Criminal Act ("ACCA"), New Mexico's crime of driving under the influence falls outside of the violent felony definition) and Chambers v. United States, 555 U.S. 122, 129 S. Ct. 687, 693 (2009) (holding that failure to report for imprisonment is not within the scope of the ACCA's definition of violent felony).  However, these cases are inapposite and cannot be used to show cause for failing  to raise his claim in the prior proceedings.  Moreover, Mitchell failed to show prejudice from the alleged error.  Accordingly, Mitchell's claim is procedurally barred.  Even if Mitchell did not waive his right to challenge his sentence collaterally and his claim was not procedurally barred, it is entirely meritless.  See United States v. Galicia-Delgado, 130 F.3d 518, 520 (2d Cir. 1997) (New York's attempted first-degree robbery has the attempted-use-of-force element needed to come within the scope of crime of violence).  Accordingly, granting Mitchell's motion is not warranted and he failed to make a substantial showing of the denial of a constitutional right.

## RECOMMENDATION

I recommend that: (1) Mitchell's motion, Docket Entry No. 1, be dismissed with

prejudice; (2) no certificate of appealability issue; and (3) your Honor find that any appeal from this decision will not be taken in good faith, pursuant to 28 U.S.C. § 1915(a)(3).

## FILING OF OBJECTIONS TO THIS REPORT AND RECOMMENDATION

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties shall have fourteen (14) days from service of this Report to file written objections. See also Fed. R. Civ. P. 6. Such objections, and any responses to objections, shall be filed with the Clerk of Court, with courtesy copies delivered to the chambers of the Honorable Jed S. Rakoff, 500 Pearl Street, Room 1340, New York, New York, 10007, and to the chambers of the undersigned, 40 Centre Street, Room 540, New York, New York, 10007. Any requests for an extension of time for filing objections must be directed to Judge Rakoff. FAILURE TO FILE OBJECTIONS WITHIN FOURTEEN (14) DAYS WILL RESULT IN A WAIVER OF OBJECTIONS AND WILL PRECLUDE APPELLATE REVIEW. See Thomas v. Arn, 474 U.S. 140, 106 S. Ct. 466 (1985); Cephas v. Nash, 328 F.3d 98, 107 (2d Cir. 2003).

Dated: New York, New York
       July 15, 2011

Respectfully submitted,

_Kevin Nathaniel Fox_
KEVIN NATHANIEL FOX
UNITED STATES MAGISTRATE JUDGE

Copies mailed to:

Jason Mitchell
John J. O'Donnell, Esq.

8